UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS AVILES,

    Plaintiff,

v.                             Case No. 3:14-cv-1485-J-39JBT

OFFICER CRAWFORD, et al.,

    Defendants.

**ORDER**

**I. Status**

Plaintiff Luis Aviles, an inmate of the Florida penal system, is proceeding in this action on a pro se Amended Civil Rights Complaint (Amended Complaint) (Doc. 5) filed pursuant to 42 U.S.C. § 1983. The Defendants are Officers Crawford and Wright. The Court will construe the pro se Amended Complaint liberally. In doing so, the Court finds that Plaintiff raises the following claims. Plaintiff asserts that Defendants Crawford and Wright violated his Eighth Amendment right to be free from cruel and unusual punishment when they used unnecessary and excessive force on March 8, 2014 at the Reception and Medical Center (RMC). As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

This cause is before the Court on Defendants' Partial Motion for Summary Judgment (Defendants' Motion) (Doc. 42).[1] Plaintiff was advised of the provisions of Federal Rule of Civil Procedure 56, notified that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and given an opportunity to respond. See Summary Judgment Notice (Doc. 43) & Order (Doc. 7).  Plaintiff responded.  See Plaintiff's Reply to Defendants' Partial Motion for Summary Judgment (Response) (Doc. 46).

## II. Plaintiff's Allegations in the Amended Complaint

In his verified Amended Complaint,[2] Plaintiff alleges that before breakfast at RMC, on March 8, 2014, Defendants Wright and Crawford spoke to him in an abusive and profane manner and then slammed him against the laundry room door. Amended Complaint at 5. When Plaintiff requested to speak to the captain on duty, Defendant Crawford told Defendant Wright to open the laundry room door. Id. Defendant Crawford pulled Plaintiff into the laundry room and

---

[1] The Court will refer to the exhibits appended to Defendants' Motion as "Ex."

[2] See Stallworth v. Tyson, 578 F. App'x 948, 950 (11th Cir. 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

flipped him to the ground. Id. Defendants Crawford and Wright kicked Plaintiff while he was on the ground. Id. at 5-6. Plaintiff got up and asked them if it took both of them to assault him, and in response, Defendant Crawford slapped Plaintiff in the face and said, "I'll get five more guys and kill you." Id. at 6.

During the morning, Plaintiff called his family and told them about the incident, and they, in turn, called the institution. Id. No one came to see Plaintiff and no investigation was done. Id. On March 10, 2014, Plaintiff declared a mental health emergency so he could see his mental health counselor, Mrs. Davis. Id. Plaintiff told Mrs. Davis about the incident, and she notified her supervisor. Id. Plaintiff was taken for a pre-confinement medical examination, and the medical staff observed bruises on Plaintiff's hand, torso, and left knee. Id. He was sent for x-rays. Id. Plaintiff was placed in confinement under investigation. Id. He provided a written statement. Id. On March 18, 2014, Plaintiff was transferred back to Jefferson Correctional Institution (JCI).

### III. Summary Judgment Standard

The Eleventh Circuit set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law controls which facts are material and which are irrelevant. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set

forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).

As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. See Bennett v. Parker, 898 F.2d 1530, 1532-34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

> should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Howard v. Memnon, 572 F. App'x 692, 694-95 (11th Cir. 2014) (per curiam) (footnote omitted). In an action involving the alleged violation of a plaintiff's federal constitutional rights under 42 U.S.C. § 1983, "assuming all facts in the light most favorable to [plaintiff, as the non-moving party]," summary judgment is properly entered in favor of a defendant where "no genuine issue of material fact exist[s] as to whether [plaintiff]'s constitutional rights were violated." McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).

### IV. Defendants' Motion

Defendants contend that they are entitled to partial summary judgment because: (1) Plaintiff has failed to state a claim for injunctive relief, and (2) Plaintiff is not entitled to compensatory, punitive, or emotional damages. Defendants' Motion at 1. Exhibits are appended to Defendants' Motion, including the Inmate Movement/Transfer History for Plaintiff; the Incident Report written by Mrs. Davis concerning the March 8, 2014 incident; the Declaration of Albert Carl Maier, M.D., Senior Physician for the Florida Department of Corrections (DOC), and Plaintiff's relevant DOC medical records; and excerpts of the Deposition of Luis Aviles.

The Incident Report, written by Ta-Tanisha Davis, states that Plaintiff reported that on March 8, 2014, between six and seven in

the morning, he was brought into the laundry room by Officer Crawford, pushed against the wall, and then, when on the ground, was kicked by Officer Crawford in the torso area. Ex. B. Plaintiff also reported that when he got up off of the floor, Defendant Crawford threatened to get other officers and kill Plaintiff. Id. Plaintiff said that Officer Wright stood by and watched this incident. Id.

The Supervisor's Comment in the Report states the following: "Inmate Aviles, Luis, DC# L23877 was escorted to Urgent Care by Lieutenant S. Crawford and given a Medical Assessment by LPN K. Bracewell with the following injuries noted, Swollen area to right side 4th and 5th Metacarpal, Left Knee Swollen, and right ribcage and midsternum swollen and misshapen." Id. The Major referred the matter to the Inspector's Office for further disposition. Id.

The Declaration of Dr. Maier is also appended to Defendants' Motion. Ex. C. Dr. Maier attests that once Plaintiff complained of abuse, Dr. Marie Garcon thoroughly assessed Plaintiff condition on March 10, 2014, and noted Plaintiff's complaint of right hand pain, left knee pain, and right rib pain. Id. at 1. Dr. Maier attests that Dr. Garcon documented that Plaintiff's right hand and left knee were swollen and his chest area was swollen and misshapen. Id. Dr. Maier further notes that Dr. Garcon ordered x-rays of Plaintiff's right hand, left knee, and chest. Id. at 2. No other treatment was given. Id. Dr. Maier states that all of

the x-rays were negative for acute injury.  Id.  Dr. Maier also noted that Plaintiff had knee pain prior to the alleged abuse.  Id. Dr. Maier points out that Plaintiff made no other complaints of injury.  Id.

Upon review, Defendants provided a March 5, 2014 Back Pain Protocol attached to the Affidavit that mentions a swollen knee joint, but it does not state whether it is Plaintiff's right or left knee that was swollen on that date.  Id. at 4.  In addition, Defendants present the Emergency Room Record for Plaintiff dated March 10, 2014.  Id. at 11-12.  It is a record of alleged staff abuse examination after a physical altercation.  Id. at 11.  The nurse, K. Bracewell, LPN, is the signed Health Care Provider on the Emergency Room Record form.  Id.  She noted that Plaintiff complained of pain in the right hand, left knee, and right ribcage. Id.  Her examination summary noted the swollen right hand and swollen left knee.  Id.  She further documented that the right ribcage and midsternum were swollen and misshapen.  Id.  She also checked the form that Dr. Garcon was notified.  Id.  Nurse Bracewell checked the form that treatment was provided, and she described the treatment as x-rays to right hand, left knee, and chest.  Id.  She also completed a Diagram of Injury, documenting and describing Plaintiff's injuries.  Id. at 12.  The staff signature on the Diagram of Injury is again Nurse Bracewell.  Id.

The x-ray of the left knee showed "a large knee joint effusion." Id. at 16. The chest x-ray showed no evidence of acute injury, and the right hand x-ray also showed no evidence of acute injury. Id. at 17-18.

In the excerpt from Plaintiff's Deposition, he testified that the nurse checked his hand, and it was swollen. Ex. D at 9-10. He reported that the nurse checked his torso and noticed bruises and swelling. Id. at 10. He also said the nurse noted Plaintiff's knee was swollen. Id. He attested that the nurse told the doctor, and the doctor ordered x-rays. Id. Plaintiff said that after the x-rays were taken, he was placed in administrative confinement. Id. He noted that he did not seek further treatment and was transferred to JCI the following week. Id. Plaintiff stated that he had swelling and bruises as a result of the use of force, and he indicated that he was in pain for a couple of days and took Ibuprofen. Id. at 11-12. He also said he was sore. Id.

## V. Plaintiff's Response

Plaintiff provides exhibits showing that he filed both informal and formal grievances and administrative appeals with regard to the incident.[3] Plaintiff's Exhibit A. He also provides additional relevant documents, including the Emergency Room Record,

---

[3] The Court will refer to the exhibits attached to the Response as "Plaintiff's Exhibit."

Diagram of Injury, and Radiology Reports.  Plaintiff's Exhibits D & E.

## VI. Law and Conclusions

### A.  Injunctive Relief

Plaintiff is no longer confined at RMC.  Therefore, his claim for injunctive relief is moot.  See Defendants' Motion at 8-9. Thus, Defendants' Motion is due to be granted in this regard.

### B. 42 U.S.C. § 1997e(e)

"The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.  In considering an Eighth Amendment excessive force claim, [the Court] must consider both a subjective and objective component: (1) whether the 'officials act[ed] with a sufficiently culpable state of mind,' and (2) 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" Tate v. Rockford, 497 F. App'x 921, 923 (11th Cir. 2012) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)), cert. denied, 133 S.Ct. 1822 (2013).

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive

>  force claim); see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case).  If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience.  See Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force).  If not, then it does not.

Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam).

"Although the extent of the injury is a relevant factor in determining the amount of force applied, it is not solely determinative of an Eighth Amendment claim." Muhammad v. Sapp, 494 F. App'x 953, 957 (11th Cir. 2012) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)).

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  See Whitley, supra, 475 U.S., at 327, 106 S.Ct., at 1088.  This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.  Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

Hudson, 503 U.S. at 9.

The standard in an excessive use of force case is as follows:

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v.

> McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[4] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).

In their Motion, Defendants contend that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e) with respect to Plaintiff's claim for compensatory, punitive, or emotional damages. Defendants' Motion at 9-14. The Eleventh Circuit, in Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004), addressed the requirements of 1997e(e):

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

---

[4] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

11

>mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
>Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

After Plaintiff reported that he had been abused by staff, he was sent to the DOC Emergency Room. Once there, Plaintiff reported to the nurse that he was in pain. The record shows that upon examination, Plaintiff had visible injuries. The examining nurse noted that Plaintiff had a swollen right hand and swollen left knee.[5] The nurse also recorded that Plaintiff's right ribcage and

---

[5] Plaintiff had a pre-existing knee problem, but Plaintiff claims the left knee swelling was caused or aggravated by the use of force. Also, based on the medical record provided to the Court, it is not entirely clear which knee had previously caused Plaintiff pain. See Ex. C at 4. Also of import, the Radiology Report of the left knee references large joint effusion, an increased amount of fluid that may be caused by trauma. Ex. C at 16; Plaintiff's

midsternum were swollen and misshapen. The nurse recorded that the treatment provided was x-rays to the right hand, left knee, and the chest. Upon being contacted about Plaintiff's injuries, the doctor ordered x-rays. Plaintiff stated he suffered pain, took Ibuprofen, and was sore. Under these circumstances, the Court is not inclined to bar Plaintiff's claim for compensatory, punitive and emotional damages or limit his recovery to nominal damages with regard to his claim of excessive force. Defendants' Motion is due to be denied in this regard.

Therefore, it is now

**ORDERED:**

Defendants' Partial Motion for Summary Judgment (Doc. 42) is **GRANTED** with respect to Plaintiff's claim for injunctive relief against Defendants Crawford and Wright, and the claim for injunctive relief is **DISMISSED AS MOOT**. In all other respects, Defendants' Partial Motion for Summary Judgment (Doc. 42) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of May, 2016.

_____
BRIAN J. DAVIS
United States District Judge

---

Exhibit E.

```
sa 5/16
c:
Luis Aviles
Counsel of Record
```